

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

*450 Main Street*  *(860) 947-1101*
*Room 328*  *Fax (860) 760-7979*
*Hartford, Connecticut  06103*  *www.justice.gov/usao-ct*

March 30, 2016

VIA CM/ECF
Hon. Vanessa L. Bryant
United States District Judge
450 Main Street
Hartford, Connecticut  06103

      Re:    *Milardo et al. v. Kerlikowske, et al.*; Civ. No. 3:16MC99(VLB)

Dear Judge Bryant:

      At oral argument in this matter, the Court asked whether Respondents could guarantee that they could provide a good quality video connection for the Petitioners' use to provide testimony from Italy by a date certain.  We have since conferred further with our colleagues at the Department of State and can offer clarification.  Consistent with our argument before Your Honor, we cannot make any such guarantee.

      We aver that the mechanism for obtaining foreign judicial assistance to capture the testimony of Italian citizens residing in Italy is entirely at the requesters' disposition.  Because, however, the General Assembly have indicated they are not interested in testimony via videolink since they require Petitioners' live testimony in the United States, it seems unlikely Petitioners will initiate any request for foreign judicial assistance.  *See* Supplemental Declaration, doc. # 20.  Accordingly, whether and when such a request may be granted is immaterial.

      Both the United States and Italy are parties to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, done at the Hague, March 18, 1970 (the "Hague Evidence Convention"), discussed in the Respondents' brief at footnotes 9 – 12.  Under Article 1 of the Hague Evidence Convention, "a judicial authority of a Contracting State may, in accordance with the provisions of law of that State, request the competent authority of another Contracting State, by means of Letter of Request, to obtain evidence or perform some other judicial act" in a civil or commercial matter.  Because an oath is required to be administered to the witnesses prior to providing testimony, Italian judicial sovereignty is a consideration.

      In the event a request is made under the Hague Evidence Convention, that request must proceed through all the steps required for execution, as discussed in Respondent's brief.  These steps may include action by Italian judicial authorities, as well as local Italian courts.

Accordingly, Respondents cannot guarantee any particular timeframe for execution of a request.

Taking depositions or other sworn testimony in a civil matter at the United States Embassy or one of the Consulates in Italy without seeking permission from the appropriate Italian Authority would be inconsistent with the United States' obligations under the Hague Evidence Convention.  For these reasons, the U.S. Embassy in Rome and U.S. Consulates in Italy would not be able to participate in such activity as mentioned in the recent parole denial letters.

    Respectfully submitted,

    MICHAEL J. GUSTAFSON
    ACTING UNITED STATES ATTORNEY


    */s/ Carolyn A. Ikari*
    CAROLYN A. IKARI
    ASSISTANT U.S. ATTORNEY